FILED
SUPERIOR COURT
OF GUAM

2023 JUN 23 PM 4: 22

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM0236-22 |
| | ) | GPD Report No.: 22-17042 |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER RE. |
| | ) | DEFENDANT'S MOTION FOR AN |
| | ) | ORDER GRANTING A DEFERRED PLEA |
| **RENANTE BLANCO BANIAGA,** | ) | |
| *aka* Reynante Blanco Baniaga | ) | |
| DOB: 10/07/1982 | ) | |
| | ) | |

## **INTRODUCTION**

This matter came before the Honorable Judge Maria T. Cenzon on the Defendant's Motion for an Order Granting a Deferred Plea (the "Motion"). Renante Blanco Baniaga ("Defendant") was present via teleconference with counsel Assistant Public Defender Peter Sablan via Zoom. Also present via Zoom were Assistant Attorney General Matthew Shuck for the People and Officer Meagan McDonald for Probation. On April 3, 2023, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. After reviewing the Motion and having heard oral argument by both parties, the Court now issues this Decision and Order DENYING the Defendant's Motion for an Order Granting a Deferred Plea.

\\

\\

*People of Guam vs. Renante Blanco Baniaga*
Criminal Case No. CM0236-22
Decision and Order re. Defendant's Motion for an Order Granting a Deferred Plea
Page **1** of **5**

## FACTUAL & PROCEDURAL BACKGROUND

Defendant is charged with Family Violence (As a Misdemeanor) in violation of 9 § GCA 30.10(a)(1) and 30.20(a). Magistrate's Complaint, July 5, 2022. This charge stems from an incident that occurred on or about June 28, 2022, when the Defendant allegedly struck his nephew Gerald Baniaga's left hip area with a tool. *Id.*, Declaration by AAG Matthew Shuck. The Defendant and Victim live in the same residence. *Id.*

On January 30, 2023, the Defendant filed a Motion for an Order Granting a Deferred Plea ("Motion") arguing that the Defendant may be eligible for such Family Violence Deferred Plea Agreement (FVDPA), adding that the People have not filed a determination of Defendant's eligibility (or ineligibility, as the case may be). The Defendant set out the three factors the Court is required to consider when determining whether to exercise its discretionary authority, specifically:

1. The nature and extent of the injury inflicted upon the victim;
2. Any prior incidents of family violence by the Defendant; and
3. Any factors that would adversely influence the likelihood of successful completion of the deferred plea agreement.

9 GCA § 30.80.2(a). The Defendant argues that "[t]here is nothing in this case that would indicate that the Defendant would not benefit from counseling." *See* Motion at 3.

On February 3, 2023, the People filed its Notice Re Defendant's Eligibility for Family Violence Deferred Plea Agreement Pursuant to 9 GCA § 30.80 and 30.80.1 ("Notice") indicating that, although the Defendant is eligible for such DFVPA, the People will not agree to offer a

*People of Guam vs. Renante Blanco Baniaga*
Criminal Case No. CM0236-22
Decision and Order re. Defendant's Motion for an Order Granting a Deferred Plea
Page 2 of 5

deferred plea because Defendant was previously convicted for Assault (As a Misdemeanor) in a prior case – CM0490-20.[1]

In CM0490-20, the Defendant was convicted of assaulting a family member who is different from the nephew named in the instant case. It should be noted that the Defendant was deemed eligible for a DFVPA in CM0490-20 for the original charges – Family Violence (As a Misdemeanor) 2 Counts – but was then charged and convicted for Assault (As a Misdemeanor) through an Information.

In its Response to Defense Motion Granting a Deferred Plea filed on February 6, 2023, the People argue that factors 2 and 3 of 9 GCA § 30.80.2(a) (listed, *supra)* weigh against the Defendant. The People also add that the Defendant's probation in CM0490-20 has been extended because of the Defendant's noncompliance. The People also added that they have sought to revoke the Defendant's probation for his failure to report to Client Services and Family Counseling (CSFC) for the mandated intake and assessment for counseling or other treatment, as well as for numerous violations of his probation conditions, including failure to report to probation as ordered.

On April 3, 2023, during the motion hearing, it was noted on the record that Defendant's probation for CM0490-20 was extended until 2024 before the Honorable Judge Vernon P. Perez pending the Defendant's completion of court fees, 100 hours of community service, and CSFC

---

[1] *See* Plea Agreement. (Mar. 9, 2022). (Plea Agreement for CM0490-20 indicated that the Defendant pled guilty to Assault (As a Misdemeanor) through an Information and the original charge of Family Violence (As a Misdemeanor) *2 Counts* were dismissed).

*People of Guam vs. Renante Blanco Baniaga*
Criminal Case No. CM0236-22
Decision and Order re. Defendant's Motion for an Order Granting a Deferred Plea
Page 3 of 5

services. Motion Hearing Minutes at 2:14:17 PM (April 3, 2023). The Court then took the matter under advisement. *Id.*, at 2:18:05 PM.

## ANALYSIS

Although the Defendant was not convicted of the original family violence charge against him in CM0490-20, the offense which forms the basis of his prior conviction for Assault is Family Violence. Pursuant to the agreement of the parties, however, the Defendant pled guilty to the offense of Assault (As a Misdemeanor) and convicted. However, it is not disputed that the victim in CM0490-20 is a "family or household member" for the purposes of 9 GCA § 30.20. Thus, the court considers the second factor in 9 GCA § 30.80.2 to be against Defendant's favor.

The first factor in 9 GCA § 30.80.2 – the nature and extent of the victim's injuries – would be considered favorable to the Defendant as the extent of the apparent injury was a small reddish bruise on the left side of his hip allegedly caused by the Defendant's conduct of striking the Victim with a tool. Magistrate's Compl. Decl. by Matthew M. Shuck, July 5, 2022. No further injury is alleged.

However, perhaps most importantly, the Court considers the third factor – any factors that would adversely influence the likelihood of successful completion of the deferred plea agreement – to weigh most heavily against the Defendant. The Defendant's prior history of compliance is the best indicator of his future success in completing the key conditions of a deferred family violence plea agreement – counseling and treatment. Defendant has failed to even take the first step towards counseling with CSFC in CM0490-20 and has given the Court no assurance that compliance with the mandates of the DFVPA would be satisfied.

*People of Guam vs. Renante Blanco Baniaga*
Criminal Case No. CM0236-22
Decision and Order re. Defendant's Motion for an Order Granting a Deferred Plea
Page 4 of 5

As discussed, compliance with any recommended treatment and counseling through CSFC is a mandatory provision of Defendant's probation in CM0490-20. The fact that he has violated this provision and has not even performed the bare minimum required to obtain the counseling services for which there apparently is no evidence that he would *not* benefit from receiving (to paraphrase his plea for deferral), belies any desire to actually *participate* in the required counseling under a DFVPA. Thus, it is not sufficient that the Defendant merely *consent* to participate in the family violence deferred plea requirements of education, counseling and treatment, he must *actually* successfully complete such counseling.

## CONCLUSION

For the above reasons, the Defendant's Motion for an Order Granting a Deferred Plea is **DENIED**. This matter shall proceed as in any other case, as set forth in 9 GCA § 30.80.2.

**SO ORDERED** this $\underline{\text{June 23, 2023}}$ .

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

*People of Guam vs. Renante Blanco Baniaga*
Criminal Case No. CM0236-22
Decision and Order re. Defendant's Motion for an Order Granting a Deferred Plea
Page 5 of 5